**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4364

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JOEY DERRICK BEST, JR.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:21-cr-00303-WO-1)

_____

Submitted:  January 17, 2023                    Decided:  January 19, 2023

_____

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant. Stephen Thomas Inman, Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joey Derrick Best, Jr., pleaded guilty, pursuant to a written plea agreement, to distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Best to 92 months' imprisonment—the bottom of his advisory Sentencing Guidelines range. On appeal, Best's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Best's guilty plea is valid and whether Best's sentence is procedurally and substantively reasonable. We affirm.

Counsel first questions whether Best's guilty plea is valid. Because Best did not move in the district court to withdraw his guilty plea, we review the acceptance of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). To establish plain error, Best must demonstrate that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pleaded guilty but for the district court's Fed. R. Crim. P. 11 omissions. *United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014). Having reviewed the record, we are satisfied that the district court substantially complied with Rule 11 and that any omissions during the plea colloquy did not affect Best's substantial rights. We thus conclude that Best's guilty plea is valid.

2

Counsel next questions whether Best's 92-month sentence is procedurally and substantively reasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In performing that review, we first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.*

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Id.* Our substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

As to the procedural reasonableness of Best's prison sentence, counsel questions whether the district court erred in calculating Best's Guidelines range by denying him a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (2018). The district court denied Best an acceptance of responsibility reduction

3

after finding that he had frivolously contested relevant conduct related to the drug quantity calculation. *See* USSG § 3E1.1 cmt. n.1(A) (providing that defendant who falsely denies or frivolously contests relevant conduct "has acted in a manner inconsistent with acceptance of responsibility"). Based upon our review of the record, we discern no clear error in the district court's denial of an acceptance of responsibility reduction. *See United States v. Jeffery*, 631 F.3d 669, 678 (4th Cir. 2011) (stating standard of review); *United States v. Dugger*, 485 F.3d 236, 239 (4th Cir. 2007) (recognizing "great deference" owed to district court's decision on acceptance of responsibility).

In addition to correctly calculating Best's Guidelines range, the district court also adequately considered the § 3553(a) factors, provided a meaningful explanation for the sentence that it chose, and sufficiently addressed defense counsel's request for a lower sentence. *See Gall*, 552 U.S. at 49-51. We are thus satisfied that Best's sentence of imprisonment is procedurally reasonable.

Finally, counsel questions whether Best's prison sentence is substantively reasonable. We conclude that nothing in the record rebuts the presumption of substantive reasonableness afforded to Best's 92-month sentence. The district court was appropriately concerned that Best had attempted to minimize his criminal conduct, suggesting that Best might not appreciate the wrongfulness of his actions and that Best could thus recidivate in the future. The district court also properly emphasized that Best had possessed a firearm while selling drugs and that he was not permitted to do so because he is a convicted felon. The district court acknowledged, however, that Best deserved some leniency for pleading guilty. And the district court added that, while Best had been convicted of multiple felonies

4

in state court, it viewed the instant offense as the most serious offense for which Best had ever been convicted. After considering those aggravating and mitigating facts in the context of the § 3553(a) factors, the district court reasonably arrived at a sentence of 92 months. *See Jeffery*, 631 F.3d at 679 (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors"). We therefore conclude that Best's sentence of imprisonment is substantively reasonable.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We thus affirm the district court's judgment. This court requires that counsel inform Best, in writing, of the right to petition the Supreme Court of the United States for further review. If Best requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Best.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Counsel questions whether Best's prison sentence is substantively reasonable based on the Eliminating a Quantifiably Unjust Application of the Law (EQUAL) Act, H.R. 1693, 117th Cong. (2021), which would have eliminated the federal sentencing disparity between federal drug offenses involving cocaine base and powder cocaine. The Government mentioned the pendency of the EQUAL Act at Best's sentencing hearing, and the district court expressed familiarity with the Act. We discern no error in the district court's assessment of the § 3553(a) factors based on the EQUAL Act.